¶ 1. Vantonias Elliott appeals the denial of his motion for post-conviction relief from a 1983 conviction in which he received a partially suspended sentence. Elliott contends that this Court should vacate the conviction because the partially suspended sentence was illegal. *Page 155 
 FACTS
¶ 2. On November 3, 1980, Elliott pled guilty to possession of a controlled substance and was sentenced to three years in an institution to be designated by the State Board of Corrections, with one year suspended. On February 3, 1983, Elliott was indicted for armed robbery. On May 23, 1983, pursuant to plea negotiations, Elliott pled guilty to a reduced charge of robbery and was sentenced to twelve years in an institution to be designated by the Department of Corrections, with four years suspended. Elliott is currently incarcerated; in his brief he states that he is serving a life sentence as a habitual offender.
¶ 3. On October 5, 2001, Elliott filed a motion for post-conviction relief from the 1983 robbery conviction, arguing that the partially suspended sentence was illegal and violated his fundamental right of freedom from an illegal sentence. The Circuit Court of Marshall County denied the motion as time barred pursuant to Miss. Code Ann. §99-39-5(2) (Rev. 2000).
 LAW AND ANALYSIS
¶ 4. Elliott filed his motion for post-conviction relief over eighteen years after the challenged robbery conviction. Mississippi Code Annotated § 99-39-5(2) (Supp. 2002) provides that a prisoner has three years after the entry of judgment of conviction in which to file a motion for post-conviction relief. Elliott argues that he should be excepted from the time bar because the robbery sentence was illegal and impacted his fundamental right of freedom from an illegal sentence. Elliott is correct that "errors affecting fundamental rights are exempt from procedural bars that would otherwise prohibit their consideration."Luckett v. State, 582 So.2d 428, 430 (Miss. 1991).
¶ 5. Nonetheless, we are unable to entertain Elliott's claim because he is no longer serving the sentence of which he complains. Shawv. State, 803 So.2d 1282, 1284 (¶ 7) (Miss.Ct.App. 2002). The post-conviction relief statutes are an avenue for persons "in custody under sentence of a court of record" to seek relief from the conviction or sentence. Miss. Code Ann. § 99-39-5(1) (Supp. 2002). In October of 2001, when Elliott filed the instant motion, his 1983 sentence of twelve years, with four years suspended, should have been over for approximately two years. The record is silent as to whether Elliott has indeed completed the sentence. However, Elliott has not provided this Court with any proof that he is still serving the sentence nor does he allege that he is still serving it.
¶ 6. It does appear that Elliott is presently a prisoner within the jurisdiction of the Mississippi Department of Corrections. But unless he is being held under the sentence of which he complains, the post-conviction relief statutes provide no remedy. Miss. Code Ann. §99-39-5(1) (Supp. 2002); Shaw, 803 So.2d at 1284 (¶ 7).
¶ 7. Elliott avers that he failed to timely challenge the 1983 conviction because he had no reason to do so until the conviction was used to establish his habitual offender status, but that he should be able to do so now that the conviction has been "used against him." There is no evidence before this Court, other than Elliott's assertions, that he is now serving a habitual sentence. It is well established that we cannot base judgments on factual assertions made within briefs. Mason v.State, 440 So.2d 318, 319 (Miss. 1983). Nonetheless, we reiterate our statement that a movant's failure to challenge a sentence due to lack of incentive until after its use for sentencing enhancement does not implicate due process. Pruitt v. State, *Page 156 846 So.2d 271, 275 (¶ 12) (Miss.Ct.App. 2002). "The fact that [Elliott] was not interested in implementing a challenge until after he had committed more crimes is not an objective, external factor that impeded his ability to raise these claims within Mississippi's time period." Moore v. Roberts, 83 F.3d 699, 704 (5th Cir. 1996). Though he had the opportunity to do so, Elliott declined to attack the 1983 conviction during the duration of his sentence in that conviction. This appeal is without merit.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYINGPOST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TOMARSHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, MYERS AND GRIFFIS, JJ., CONCUR.