904 So.2d 203 (2005)
Oral ROBINSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00101-COA.
Court of Appeals of Mississippi.
June 14, 2005.
Oral Robinson, appellant, pro se.
Jean Smith Vaughan, Clay Joyner, Office of the Attorney General, attorney for appellee.
*204 Before KING, C.J., IRVING and GRIFFIS, JJ.
IRVING, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Oral Robinson was indicted by a Monroe County grand jury for two counts of sexual battery. Robinson pleaded guilty and was sentenced to a term of twenty years in the custody of the Mississippi Department of Corrections. The sentence was suspended but later revoked and reinstated on February 13, 1997. On October 10, 2003, Robinson sought post-conviction relief by filing a motion to vacate revocation of probation on grounds that the revocation of probation was unlawful and in violation of both the state and federal constitutions because he was denied a preliminary revocation hearing, denied notice of the probation violation charge, and denied a right to confront and cross-examine adverse witnesses who claimed that they saw Robinson commit the crime of passing a bad check. Additionally, on October 10, 2003, Robinson filed a supplemental motion to vacate conviction and sentence. The trial court dismissed both motions, finding that Robinson had previously filed pleadings containing the same arguments in which the court found that the revocation and sentence were lawful. Aggrieved, Robinson now appeals asserting the following issues: (1) whether the indictment failed to charge the offense of sexual battery of a child under the age of fourteen, (2) whether the trial court erred in sentencing when the appellant was not properly indicted, and (3) whether the appellant's sentence was illegal because he was never indicted for a crime.
¶ 2. Finding no error, we affirm the decision of the trial court.

STANDARD OF REVIEW
¶ 3. Our standard of review of a trial court's denial of post-conviction relief is well-settled. "When reviewing a lower court's decision to deny a petition for post-conviction relief, [an appellate c]ourt will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo." Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Mississippi v. Southern Mem'l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).

ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 4. The State asserts that Robinson's issues are procedurally barred as successive pursuant to Mississippi Code Annotated Section 99-39-27(9) (Supp.2004). Robinson asserts that the procedural bars of the Post Conviction Collateral Relief Act do not apply when a "prisoner claims that his ... parole or conditional release has been unlawfully revoked." Miss.Code Ann. § 99-39-27(9) (Supp.2004). Robinson is correct in his assertion. However, the trial court dismissed Robinson's motion to vacate revocation of probation and supplemental motion to vacate conviction and sentence on the basis that the issues had been previously presented to the court and resolved against Robinson, that is, the court having previously found that Robinson's probation was properly revoked.
¶ 5. In denying Robinson's instant motions, the trial court acknowledged that "generally a motion is excepted from the bar to successive writs, under Miss.Code Ann. Section 99-39-27, when a petitioner claims that his probation is unlawfully revoked...." However, the trial court, as we have already pointed out, found that the *205 very same issues and arguments had been made by Robinson in previous motions and had been dismissed by the court.
¶ 6. The record before us contains no evidence of Robinson's previous pleadings, nor any evidence that an appeal was filed from the judgment(s) which would have been entered as a result of Robinson's previous pleadings. However, "[i]t must be presumed that the rulings of the trial court [are] correct, and such presumption will prevail, unless the actual record supports the contrary view." Shelton v. Kindred, 279 So.2d 642, 644 (Miss.1973).
¶ 7. Although we find that a claim that a petitioner's probation has been illegally revoked is an exception to the procedural bars of the Post Conviction Collateral Relief Act, the exception is not unlimited and does not afford prisoners numerous attempts at pleading the same issues. Since the trial court found that Robinson had previously presented his arguments to the court, we are unwilling to allow Robinson numerous attempts at presenting these same issues. Therefore, we affirm the decision of the trial judge denying post-conviction relief to Robinson on the basis that the issue regarding the unlawful revocation of Robinson's probation had been presented previously and rejected by the court.
¶ 8. Although we affirm the trial court on the revocation issue without a discussion of that issue on the merits, we find that it is unclear from the trial judge's order whether the finding  that the issues had been made and rejected  referred to Robinson's allegation regarding the illegal revocation of his probation as well as to Robinson's allegation that his conviction and sentence should be vacated because the indictment failed to charge the offense of which he was convicted. Therefore, we briefly address the merits of this latter allegation.
¶ 9. Robinson first argues that the circuit court lacked jurisdiction of the sexual battery charge because the indictment failed to allege each and every essential element of the sexual battery offense. Robinson maintains that the indictment failed to set forth the essential element of his age or that he was at least twenty-four months older than the child.
¶ 10. Robinson pleaded guilty to the sexual battery charge. "[A] guilty plea operates to waive the defendant's privilege against self-incrimination, the right to confront and cross-examine the prosecution's witnesses, the right to a jury trial and the right that the prosecution prove each element of the offense beyond a reasonable doubt." Jefferson v. State, 556 So.2d 1016, 1019 (Miss.1989). A guilty plea does not, however, waive (1) the failure of the indictment to charge a criminal offense or, an essential element of a criminal offense, and (2) subject matter jurisdiction. Id. Therefore, Robinson's guilty plea did not waive the failure of his indictment to charge each essential element of sexual battery.
¶ 11. The indictment contains two counts of sexual battery, and the pertinent portion of the indictment with respect to both counts states:
Oral Robinson ... did willfully, unlawfully and feloniously commit a sexual battery upon [A.J.], a human being and a child under the age of fourteen (14) years, by inserting his penis into the vagina of the said [A.J.][1]
¶ 12. Mississippi Code Annotated section 97-3-95 (Supp.2004) defines sexual battery as follows:

*206 (1) A person is guilty of sexual battery if he or she engages in sexual penetration with:
(a) Another person without his or her consent;
(b) A mentally defective, mentally incapacitated or physically helpless person;
(c) A child at least fourteen (14) but under sixteen (16) years of age, if the person is thirty-six (36) or more months older than the child; or
(d) A child under the age of fourteen (14) years of age, if the person is twenty-four (24) or more months older than the child.
¶ 13. Lack of consent is an element of a charge of sexual battery brought under subsection (a) of 97-3-95. The indictment does not allege that A.J. is a mentally incapacitated or physically helpless person; therefore, the charge is not laid under subsection (b). The age of the defendant is an element of a charge of sexual battery brought under either subsection (c) or (d), although it is clear that the charge is made under subsection (d). As a simple reading of the indictment reveals, it is silent on Robinson's age. Thus, the indictment fails to allege an essential element of the crime of which Robinson was charged.
¶ 14. Notwithstanding the fact that we find that the indictment is defective for failure to allege an element of the charge, we are satisfied that no injustice was done and that Robinson has not been prejudiced by this defect. We arrive at this conclusion because Robinson is in fact more than twenty-four months older than A.J. This fact is revealed in the following exchange found in the plea qualification transcript:
BY THE COURT:
Q. Are you Oral B. Robinson, the defendant named in this indictment?
A. Oral J.
Q. J? All right. It's not specified in the indictment. It's just Oral here, but it's Oral J.?
A. Yes, sir.
Q. Have you and your attorney received a copy of this indictment and read it or had it read to you.
A. Yes, sir.
* * * *
Q. How old are you Mr. Robinson?
A. Thirty-seven.
¶ 15. Robinson's plea was taken on November 21, 1996. The indictment alleged that the offenses occurred on August 11, 1994, and January 8, 1995. Clearly, Robinson was more than twenty-four months older than A.J. when the offenses were committed. Surely, he knew when he read the indictment, as well as when he entered his guilty plea, that he was more than twenty-four months older than A.J. Therefore, we find no prejudice to Robinson stemming form the failure of the indictment to allege his age.
¶ 16. THE JUDGMENT OF THE MONROE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONROE COUNTY.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] Initials have been substituted for the child's name to protect her identity.