952 So.2d 254 (2006)
Steven Neal HUBANKS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CA-00144-COA.
Court of Appeals of Mississippi.
August 1, 2006.
Rehearing Denied December 12, 2006.
*255 Randolph Walker, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before LEE, P.J., SOUTHWICK and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. Steven Neal Hubanks filed a motion for post-conviction relief ("PCR") in the Circuit Court of Alcorn County. After an evidentiary hearing, the circuit court denied his motion for PCR. Aggrieved, Hubanks appeals. Finding no error, we affirm.

FACTS
¶ 2. On November 20, 2002, Hubanks, an offender with thirteen previous convictions, plead guilty to armed robbery, grand larceny and burglary in the Circuit Court of Alcorn County. The judge sentenced Hubanks to eighteen years in the custody of the Mississippi Department of Corrections.
¶ 3. On September 25, 2003, Hubanks filed a pro se motion for PCR in the Circuit Court of Alcorn County, and later filed an amended motion for PCR after retaining counsel. The grounds alleged by Hubanks were that: (a) his guilty plea was involuntary; (b) he received ineffective assistance of counsel from his original attorney, Clay Nails; and (c) Nails had a conflict of interest in representing him when, at the same time, the attorney was representing Hubanks's wife in a divorce against Hubanks. On October 6, 2005, the circuit court held a hearing to determine whether Hubanks had stated a prima facie case entitling him to an evidentiary hearing on his request for PCR. Also before the court was Hubanks's motion for leave to conduct discovery. The court found that Hubanks was entitled to an evidentiary hearing, but denied his motion for leave to conduct discovery. After reviewing the evidence, testimony, and attorneys' arguments at the evidentiary hearing, the court *256 found that: (a) Hubanks's guilty plea was voluntary; (b) Hubanks received effective assistance of counsel; and (c) there was no conflict of interest concerning Hubanks's attorney.
¶ 4. Aggrieved, Hubanks appeals. He asserts the following issues for our review: (a) the trial court committed error by denying his motion to conduct discovery; (b) the trial court erred by failing to find a conflict of interest concerning Nails representing Hubanks's wife in a divorce action against Hubanks; (c) the trial court erred by finding that his guilty plea was voluntary; (d) he received ineffective assistance of counsel; and (e) the trial court's denial of his motion for PCR was against the overwhelming weight of the evidence.

STANDARD OF REVIEW
¶ 5. When reviewing a lower court's denial of PCR, this Court will not overturn the lower court's factual findings unless we find them to be clearly erroneous. Robinson v. State, 904 So.2d 203, 204 (¶ 3) (Miss. Ct.App.2005) (citing Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999)). We review questions of law de novo. Id.

ISSUES AND ANALYSIS
I. Whether the trial court erred in denying Hubanks's motion to conduct discovery.
¶ 6. According to Mississippi Code Annotated Section 99-39-15(1) (Rev.2000):
A party may invoke the processes of discovery available under the Mississippi Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise.
As the statute makes clear, the decision whether or not to allow discovery rests fully within the discretion of the trial judge. See also Moore v. State, 822 So.2d 1100, 1107(¶ 19) (Miss.Ct.App.2002) ("We may reverse a trial judge's ruling regarding discovery issues only if we find an abuse of discretion") (citing Conley v. State, 790 So.2d 773, 782(¶ 20) (Miss.2001)). Hubanks argues that the trial judge abused her discretion by refusing to grant his motion to conduct discovery. The trial judge, in denying Hubanks's request for discovery, stated the following:
I am of the opinion that basically there are, I think, three reasons why the Court should not grant discovery in this matter. One is having looked at the documents request, as well as the interrogatories request, much of this information that is requested is not in the possession of the State.
And you have heard and the Court has heard Mr. Bullard's [the prosecutor] response as to the burden that it would place upon the State to gather this information. It is not the burden that I think relieves the State from responding or for  nor is it the burden that would be upon the State that causes the Court to deny the discovery requests.
It is the fact that I think even if the documents were produced that I see in this document request and if the answers were given to the interrogatories as they have been propounded, this still does not answer or speak to Mr. Hubanks's contention that it's Mr. Nails's ineffective assistance of counsel that resulted in this, what he perceives, unfortunate sentence. I do not think this evidence  I do not think a response to this discovery would reveal evidence that is relevant to his contention on his PCR.
Further, I am concerned, and I guess this would be in response to primarily the subpoena duces tecum where it is requested that Mr. Nails provide the entire divorce file of Steven Neal Hubanks and his wife. I think it's clear from the pleadings that Ms. Hubanks is *257 the client of Mr. Nails and was originally in the divorce proceeding who hired Mr. Nails. That being the case, I am very concerned about the attorney-client privilege that exists with Ms. Hubanks and Mr. Nails.
I think Mr. Nails has done the best that he can likely do in stepping around the privilege by responding by way of affidavit that is filed July the 13th, 2004, where he can certainly make the representations in this form of affidavit that would help the Court better understand what was taking place during the time that he was retained or was appointed to represent Mr. Hubanks in April of 2002, the intervening divorce that took place, the divorce decree, I believe I recall, was in July of 2002, and then the subsequent plea and sentence that was on November the 18th and November the 20th, 2002. And I think his affidavit speaks to that, and that, I believe, is sufficient.
And because of that, I do not find that there is good cause to grant the discovery requests at this time.
¶ 7. Hubanks argues that the trial judge abused her discretion and impeded his ability to properly prepare and present his case. We disagree. The trial judge's reasoning appears quite sound, and we find nothing in Hubanks's arguments to persuade us otherwise. Further, we fail to see how the cases cited by Hubanks, Sanders v. State, 846 So.2d 229 (Miss.2003) and Roland v. State, 666 So.2d 747 (Miss.1995), support his argument. This issue is consequently without merit.
II. Whether Hubanks received ineffective assistance of counsel.
¶ 8. Hubanks contends that the behavior of Nails in representing him rose to the level of ineffective assistance of counsel. He contends that Nails lied to him by promising that he would receive a lighter sentence if he pled guilty. He claims that Nails also lied about being prepared for trial and about speaking with the judge about Hubanks's sentence. However, Nails testified that he was fully prepared for trial and was never promised a particular sentence.
¶ 9. Mississippi has adopted the test for ineffective assistance of counsel announced by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See Alexander v. State, 605 So.2d 1170, 1173 (Miss. 1992). Strickland requires that to prove ineffective assistance of counsel the defendant must prove that, considering the totality of the circumstances, (1) trial counsel's performance was deficient, and (2) defendant was prejudiced as a result. Colenburg v. State, 735 So.2d 1099, 1103(¶ 9) (Miss.Ct.App.1999). "The defendant must show that but for his attorney's errors, there is a reasonable probability that he would have received a different result in the trial court." Id. There is "[a] strong but rebuttable presumption, that counsel's performance falls within the wide range of reasonable professional assistance." Id. "Scrutiny of counsel's performance by this Court must be deferential." Id.; see also Ahmad v. State, 603 So.2d 843, 848 (Miss. 1992) (discussing scope of review on appeal for counsel's performance).
¶ 10. We agree with the circuit court that Hubanks failed to meet the burden required by Strickland. The circuit court judge found Nails's testimony regarding his representation of Hubanks to be more credible than Hubanks's testimony. Because Hubanks fails to meet either prong of Strickland, this issue is without merit.
III. Whether the trial court erred by failing to find that Nails had a conflict of interest.
¶ 11. Hubanks further argues that, because his attorney represented his wife in *258 a divorce proceeding while representing Hubanks in a criminal proceeding, he had two clients with adverse interests. Hubanks claims that this conflict of interest is sufficient to warrant vacation of his sentence.
¶ 12. "Prejudice is presumed only if the defendant demonstrates that counsel `actively represented conflicting interests' and that an `actual conflict of interest adversely affected his lawyer's performance.'" Strickland, 466 U.S. at 692, 104 S.Ct. 2052. The mere possibility of conflict is insufficient to impugn a conviction on appeal. Evans v. State, 725 So.2d 613, 707 (¶ 453) (Miss.1997).
¶ 13. We fail to see how Nails's interest in representation of Ms. Hubanks in a divorce proceeding against Hubanks would be adverse to Nails's representation of Hubanks in a criminal matter, especially considering the fact that Hubanks was fully aware of such representation. Hubanks himself stated that, after the divorce, he trusted Nails while he represented him in criminal matters. The circuit judge clearly considered all evidence before her concerning possible conflict. Hubanks has failed to show an actual conflict, much less any adverse effect on counsel's performance as a result of such conflict. Therefore, the circuit judge's findings are not clearly erroneous, nor did she apply an improper legal standard. This issue is without merit.
IV. Whether the trial court erred by finding that Hubanks's guilty plea was voluntary.
¶ 14. A plea of guilty is binding on a defendant only if entered voluntarily and intelligently. Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Myers v. State, 583 So.2d 174, 177 (Miss.1991)). A guilty plea is voluntary and intelligent only if the defendant has been advised "concerning the nature of the charge against him and the consequences of the plea." Alexander, 605 So.2d at 1172 (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). More specifically, the defendant must be informed that, by pleading guilty, he waives the following: (1) his right to a jury trial; (2) his right to confront adverse witnesses; and (3) his right against self-incrimination. Alexander, 605 So.2d at 1172 (citing Boykin v. Alabama, 395 U.S. 238, 242-3, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Rule 8.04(A)(4)(b) of the Uniform Rules of Circuit and County Court also requires the trial court to "inquire and determine . . . [t]hat the accused understands . . . the maximum and minimum penalties provided by law."
¶ 15. Once again, Hubanks rests his argument is the contention that Nails lied to him concerning his sentence, or else he would not have pled guilty. As previously stated, Nails testified that he did not promise any particular sentence to Hubanks, and the circuit judge found his testimony as to the issue more credible than Hubanks's.
¶ 16. The record makes clear that the above standards were met in this case. Hubanks was informed of all rights being waived, the nature of the charges against him, and the consequences of the plea. Furthermore, Hubanks had thirteen prior convictions, to some of which he had entered guilty pleas. The record, therefore, leaves little doubt as to the voluntariness of the plea. We find this issue to be totally without merit.
V. Whether the trial court's denial of PCR was against the overwhelming weight of the evidence.
¶ 17. The decision of the circuit judge was amply supported by the record. This *259 argument is totally without merit. We consequently affirm the decision of the circuit court.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ALCORN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, and ROBERTS, JJ., CONCUR.