935 So.2d 1122 (2006)
Kendrick BROWN, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-00908-COA.
Court of Appeals of Mississippi.
August 8, 2006.
*1124 Kendrick Brown, Appellant, pro se.
Office of the Attorney General by Jose Benjamin Simo, attorney for appellee.
Before KING, C.J., CHANDLER, GRIFFIS, and BARNES, JJ.
*1123 CHANDLER, J., for the Court.
¶ 1. On February 7, 2003, Kendrick Brown pled guilty to two counts for the sale of a schedule II controlled substance in Madison County. Brown was sentenced to twenty years on each count with ten years to serve in the Mississippi Department of Corrections and ten years suspended on each count and five years of post-release supervision. Brown filed a motion for post-conviction relief which was dismissed by the circuit court. Brown appealed for the following:
I. WHETHER BROWN'S GUILTY PLEA WAS VOLUNTARY
II. WHETHER BROWN WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL
III. WHETHER THE INDICTMENT WAS FLAWED
IV. WHETHER BROWN'S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On June 10, 2002, Kendrick Brown was indicted by the grand jury of Madison County on two counts for the sale of a schedule II controlled substance pursuant to Mississippi Code Annotated section 41-29-139(b)(1). Brown pled guilty to the charges on February 7, 2003. Brown was sentenced to twenty years on each count with ten years suspended on each count in the custody of the Mississippi Department of Corrections, and five years post-release supervision.
¶ 4. On February 16, 2005, Brown filed a motion for an evidentiary hearing and post-conviction motion to vacate or set aside sentence and conviction." The motions were dismissed by the circuit court.

STANDARD OF REVIEW
¶ 5. The trial court's denial of post-conviction relief must be reviewed under the "clearly erroneous" standard. Robinson v. State, 904 So.2d 203, 204(¶ 3) (Miss.Ct.App.2005). Therefore, this Court will not reverse the trial court's decision unless the factual findings are found to be clearly erroneous. However, questions of law are reviewed de novo. Id.

LAW AND ANALYSIS

I. WHETHER BROWN'S GUILTY PLEA WAS VOLUNTARY
¶ 6. Brown contends that he did not knowingly and voluntarily enter a guilty *1125 plea. Brown argues that a guilty plea is not voluntary unless the defendant possesses an understanding of the law. Brown contends that he did not know his sentence was illegal at the time that he pled guilty and, therefore, he did not understand the nature and the consequences of his plea.
¶ 7. The law is clear; if Brown is advised about the nature of the charge and the consequences of the entry of the plea, the plea will be considered "voluntary and intelligent." Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Brown must be informed that a guilty plea waives his right to a jury trial, to protection against self-incrimination and to confront adverse witnesses. Id. Brown has the burden of proving by a preponderance of the evidence that he is entitled to post-conviction relief. McClendon v. State, 539 So.2d 1375, 1377 (Miss.1989).
¶ 8. When Brown pled guilty to the charge of selling a schedule II controlled substance, the trial judge asked Brown several questions. The trial judge inquired whether Brown had an opportunity to fully discuss, with his attorney, the facts and circumstances relating to the crimes with which he was charged. The trial judge also asked whether Brown was aware that a guilty plea waives his constitutional right to remain silent and right to a trial by jury. Also, the judge specifically questioned whether Brown was "freely and voluntarily" admitting guilt to the crimes in which he was charged. Brown answered in the affirmative to all of these questions.
¶ 9. Once the trial judge has determined that a confession is admissible, Brown has a heavy burden to reverse that decision on appeal. Frost v. State, 483 So.2d 1345, 1350 (Miss.1986).
Such findings are treated as findings of fact made by a trial judge sitting without a jury as in any other context. As long as the trial judge applied the correct legal standards, his decision will not be reversed on appeal unless it is manifestly in error, or is contrary to the overwhelming weight of the evidence.
Foster v. State, 639 So.2d 1263, 1281 (Miss. 1994). Brown's contention that he did not enter the plea voluntarily is not sufficient to overcome the heavy burden Brown must overcome on appeal. There is no evidence that Brown entered his plea involuntarily or unknowingly. Therefore, this issue is without merit.

II. WHETHER BROWN WAS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 10. The standard of review for claims of ineffective assistance of counsel is the two-part test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires a showing that (1) counsel's performance was deficient and (2) that the deficiency prejudiced the defense. The burden is on Brown to prove both prongs. Edwards v. State, 615 So.2d 590, 596 (Miss.1993).
¶ 11. Brown contends that he received ineffective assistance of counsel because counsel only gave him the choice to plead guilty and, therefore, his plea was not voluntary and knowingly entered. As stated above, there is no evidence that Brown unknowingly and involuntarily entered a guilty plea.
¶ 12. Brown also contends that counsel did not know the law regarding the sale of cocaine nor did counsel know the facts of the case. However, the record shows that Brown informed the court that he had discussed with his counsel all facts and circumstances relating to the crimes with which he was charged. Brown also told the court that he discussed with counsel all *1126 elements of the crime and all facts that might aid in his defense. The trial judge read all of the elements of the crime to Brown and inquired as to whether he understood each of these elements. Brown answered in the affirmative as to each count.
¶ 13. There is no evidence to indicate that counsel was unaware of the facts of the case or of the law pertaining to the sale of cocaine. Therefore, Brown has failed to prove that counsel's performance was deficient. This issue is without merit.

III. WHETHER THE INDICTMENT WAS FLAWED
¶ 14. Brown contends that his constitutional rights were violated because the indictment failed to address the quantity of cocaine that was allegedly sold. However, this Court has held that "[a] valid guilty plea waives all non-jurisdictional defects to an indictment." Clark v. State, 923 So.2d 256, 258(5) (Miss.Ct.App.2006) (citing Jefferson v. State, 556 So.2d 1016, 1019 (Miss. 1989)). "Therefore, even if from the pleadings and the record before us it was not clear that the claims raised are patently without merit, the issues [Brown] seeks to raise are barred by his plea." Id. This issue is without merit.

IV. WHETHER BROWN'S SENTENCE CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT
¶ 15. At the plea hearing the court explained to Brown that the minimum sentence for the offense was zero years and a five thousand dollar fine and the maximum sentence was thirty years with a maximum fine of one million dollars. After Brown entered a guilty plea the court sentenced him to twenty years on each count to run concurrently with ten years suspended on each count and five years post-release supervision. The sentence is within the statutory guidelines which states:
[A]ny person who violates subsection (a) of this section ... shall be sentenced as follows:
(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except thirty (30) grams or less of marihuana, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of the section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana, such a person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less then Five Thousand Dollars ($5,000) nor more than One Million Dollars ($1,000,000), or both.
Miss.Code Ann. Section 41-29-139(b)(1). Because Brown's sentence imposed fell within the statutory guidelines, the sentence does not constitute cruel and unusual punishment. Ford v. State, 844 So.2d 496, 498(8) (Miss.Ct.App.2003). Therefore, this issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MADISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.