CARLTON, J., for the Court.
¶ 1. This case is before the Court on appeal from the Harrison County Circuit Court’s dismissal of John Bowie’s motion for post-conviction relief. We find no error and affirm the dismissal.
FACTS
¶ 2. On April 4, 1988, Bowie waived his indictment and pleaded guilty in Harrison County Circuit Court to a charge of burglary of a business. The trial court accepted his plea and sentenced him to serve seven years in prison. Bowie filed his motion for post-conviction relief on December 12, 2005, which the trial court dismissed as being time-barred. He filed a subsequent motion for post-conviction re *371 lief on January 10, 2007. The trial court dismissed that subsequent motion as a successive writ as set forth under Mississippi Code Annotated section 99-39-23(6) (Rev. 2000). It is from the denial of that motion for post-conviction relief that Bowie now appeals. Bowie completed his sentence, but he is currently incarcerated on a separate conviction.[1]
DISCUSSION
¶ 3. “In reviewing a trial court’s decision to deny a motion for post-conviction relief the standard of review is clear. The trial court’s denial will not be reversed absent a finding that the trial court’s decision was clearly erroneous.” Smith v. State, 806 So.2d 1148, 1150(¶3) (Miss.Ct.App.2002). Questions of law, however, are reviewed de novo. Robinson v. State, 904 So.2d 203, 204(¶ 3) (Miss.Ct.App.2005).
¶ 4. Bowie’s first post-conviction relief motion was dismissed because it was filed in 2005, more than seventeen years after he made his guilty plea in 1988. The post-conviction relief statute requires any motion for relief to be filed within three years after a guilty plea has been entered. Miss.Code Ann. § 99-39-5(2) (Rev.2007). His second motion for post-conviction relief asserted that he could overcome the statute of limitations because his claim fell within one of the enumerated exceptions in the statute. The statute allows a prisoner to file subsequent motions for relief and motions after expiration of the statute of limitations if he can show: (1) that there has been an intervening decision of the United States Supreme Court or of the Mississippi Supreme Court that would have actually adversely affected the outcome of his conviction or sentence; (2)that he has new evidence that was not discoverable at the time of trial; (3) that his sentence has expired; or (4) that his probation or parole has been revoked unlawfully. Id. Bowie alleges in his current motion for post-conviction relief that his sentence on the charge for which he seeks relief has expired and his plea was involuntary.
¶ 5. Indeed, Bowie’s sentence has expired. Bowie admits in his brief that he completed his sentence for business burglary from 1988 and that he is currently incarcerated on another charge. Bowie seeks relief related to his 1988 sentence, because he claims that sentence was used to enhance the sentence he currently serves. The post-conviction relief statutes provide him with no relief, however, as this Court has held that “unless he is being held under the sentence of which he complains, the post-conviction relief statutes provide no remedy.” Elliott v. State, 858 So.2d 154, 155(¶ 5) (Miss.Ct.App.2003). Furthermore, the limited record presented to this Court shows that part of Bowie’s plea agreement on the 1988 burglary charge included dropping the sentencing enhancement as a habitual offender. Thus, even without the conviction he seeks to overturn, Bowie could have been convicted as a habitual offender.
¶ 6. In his petition, Bowie requested an evidentiary hearing so that he can show that his case falls under an exception to the statute of limitations. This Court has recognized that a “post-conviction relief petition which meets basic pleading requirement[s] is sufficient to mandate an evidentiary hearing unless it appears beyond doubt that [the] petitioner can prove no set of facts in support of [his] claim which would entitle him to relief.” Taylor v. State, 782 So.2d 166, 168(¶4) (Miss.Ct. *372 App.2000) (quoting Robertson v. State, 669 So.2d 11, 13 (Miss.1996)). Because he completed his sentence and is currently-incarcerated for a separate conviction, Bowie lacks standing to seek post-conviction relief. We therefore affirm the trial court’s dismissal of the motion for post-conviction relief as a successive writ and also on the basis that Bowie lacked standing.
¶ 7. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.

. There is currently a separate motion to dismiss this appeal filed by the State that will be resolved separately.