# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CP-00381-COA

**MARLON K. JACKSON A/K/A MARLON**            **APPELLANT**
**JACKSON A/K/A MARLON KEVIN JACKSON JR.**

**v.**

**STATE OF MISSISSIPPI**            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/22/2016 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARLON K. JACKSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | MOTION FOR POST-CONVICTION RELIEF DENIED |
| DISPOSITION: | AFFIRMED - 08/01/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. This is an appeal from Hancock County Circuit Court where Marlon Jackson moved for post-conviction relief from his present as well as prior convictions, which was denied. Finding no error, we affirm.

## BACKGROUND

¶2. On June 9, 2014, Jackson pleaded guilty to possession of more than one precursor chemical in violation of Mississippi Code Annotated section 41-29-313 (Rev. 2013). On June 16, 2014, he was sentenced as a habitual offender per Mississippi Code Annotated section

99-19-81 (Rev. 2015) to seven years' imprisonment without the possibility for early release.[1]

Jackson has six prior convictions, five for burglary of a dwelling and one for sexual battery. He received sentences of one year or more for more than one of his prior convictions. On January 15, 2016, Jackson moved for post-conviction relief from his possession-of-precursor-chemicals conviction and sentence as well as from his prior sexual-battery conviction and sex-offender-registration requirement, which the trial court denied on February 23, 2016. On March 14, 2016, Jackson appealed to this Court.

## DISCUSSION

¶3.     We review the denial of PCR for clear error and abuse of discretion. *Ryals v. State*, 51 So. 3d 974, 975 (¶4) (Miss. Ct. App. 2010); *Castro v. State*, 159 So. 3d 1217, 1219 (¶6) (Miss. Ct. App. 2015).

¶4.     On appeal, Jackson asserts the following: (1) that the assistance of his counsel was ineffective; (2) that his habitual-offender sentence should be vacated; (3) that his sentence for his sexual-battery conviction was illegal; (4) that the indictment for his sexual-battery conviction was illegal; (5) that sexual battery is not a lesser-included offense of capital rape; (6) that the trial court did not have jurisdiction over him for his sexual-battery conviction; (7) that his sexual-battery conviction and sentence should be expunged; and (8) that he should not have to register as a sexual offender for his sexual-battery conviction.

---

[1] Section 99-19-81 dictates, and the State recommended, sentencing to the maximum allowable term, which would have been twelve years' imprisonment. However, because Jackson made an open plea, the trial judge ordered that the State's recommendation would not be followed and sentenced Jackson to seven years' imprisonment pursuant to *Clowers v. State*, 522 So. 2d 762 (Miss. 1988), and *Ashley v. State*, 538 So. 2d 1181 (Miss. 1989).

2

## I.    Effectiveness of Jackson's Counsel

¶5.    To prevail on an ineffective-assistance-of-counsel claim, one must show that (1) his counsel's performance was deficient and (2) prejudice resulted. *Jackson v. State*, 178 So. 3d 807, 812 (¶19) (Miss. Ct. App. 2014) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "It is presumed that counsel's representation falls within the range of reasonable professional assistance." *Id*. at (¶20) (citing *Strickland*, 466 U.S. at 689). In order to overcome the presumption, one must show that there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Id*.

¶6.    Jackson asserts that his counsel was ineffective for his 2014 conviction because his counsel did not inform him of coming changes to the law and, had Jackson known of those changes, he would have delayed his proceedings to obtain sentencing under the amended, less-harsh sentencing statute.

¶7.    In the 2014 regular session, the Mississippi Legislature amended Mississippi Code Annotated section 41-29-313, changing the maximum sentence for possession of precursor chemicals from thirty years to eight years. 2014 Miss. Laws ch. 457, § 38 (H.B. 585). The Legislature did not provide that the changed maximum sentence should apply retroactively. *See* 2014 Miss. Laws ch. 457 (H.B. 585).

¶8.    The sentencing statute in effect at the time of sentencing controls. *Wilson v. State*, 198 So. 3d 408, 415 (¶26) (Miss. Ct. App. 2016); *Barnett-Phillips v. State*, 195 So. 3d 226, 229 (¶8) (Miss. Ct. App. 2016). When a sentencing statute is amended providing a lesser penalty and is effective prior to sentencing, the trial court must sentence according to the statute as

amended. *Wilson*, 198 So. 3d at 415 (¶27); *Barnett-Phillips*, 195 So. 3d at 229 (¶8). Here, Jackson was sentenced to seven years. Jackson's sentence was within the statutory requirements at the time of sentencing, as it was for less than thirty years. Had Jackson's sentence been made under the amended sentencing structure, Jackson still would have been sentenced to less than the maximum allowable term. We fail to see that the result would have been any different had Jackson's counsel told Jackson of the impending sentencing changes. Thus, we find this issue is without merit.

## II.      Jackson's Habitual-Offender Sentence Enhancement

¶9.      Jackson asserts that his enhanced sentence as a habitual offender should be vacated. Section 99-19-81 states that a person previously convicted of at least two prior felony or federal crimes and sentenced to one year or more for each shall be sentenced to the maximum allowable term upon conviction of a subsequent felony. Here, Jackson has five prior felony convictions for burglary of a dwelling and one prior felony conviction for sexual battery. Jackson was sentenced to a year or more for each of his prior convictions. The only prior conviction Jackson takes issue with on appeal is his sexual-battery conviction. Notwithstanding his prior sexual-battery conviction, Jackson has more than one other prior felony conviction for which he received a sentence of at least one year. Thus, we find no merit to Jackson's arguments concerning his status and sentence as a habitual offender under section 99-19-81.

## III.      Jackson's Sexual-Battery Conviction and Sex-Offender Registration

¶10.      In 1993, Jackson was indicted for "being thirteen years of age or over, but under

4

eighteen years of age, [and] feloniously, unlawfully and carnally know[ing] [his victim], a child under the age of fourteen years at the time in question[.]" Ultimately, he pleaded guilty to sexual battery in violation of Mississippi Code Annotated section 97-3-95 (Supp. 1985). He was sentenced to twenty years' imprisonment, which was suspended, and placed on five years' probation. It appears Jackson was also required to register as a sexual offender after Mississippi first adopted a sex-offender-registration law in 1994. *See* Miss. Code Ann. §§ 45-33-1 to -19 (repealed by 2000 Miss. Laws ch. 499, § 20, eff. July 1, 2000); Miss Code Ann. §§ 45-33-21 to -61 (Supp. 2000) (added by 2000 Miss. Laws ch. 499, § 3, eff. July 1, 2000).

¶11.    Jackson's motion for PCR concerns his conviction for possession of precursor chemicals. Jackson's inclusion of other issues, his sexual-battery conviction and sex-offender registration, is contrary to the requirement that a motion for PCR be limited to one judgment. *See* Miss. Code Ann. § 99-39-9(2) (Rev. 2015); *Brandon v. State*, 108 So. 3d 999, 1003-04 (¶10) (Miss. Ct. App. 2013). Furthermore, these other issues stem from offenses different from the one for which Jackson is presently incarcerated. Motions for PCR are limited to the conviction for which a movant is presently incarcerated. *See Wilson v. State*, 76 So. 3d 733, 736 (¶11) (Miss. Ct. App. 2011); *Elliott v. State*, 858 So. 2d 154, 155 (¶¶5-6) (Miss. Ct. App. 2003); Miss. Code Ann. § 99-39-5(1) (Rev. 2015).

¶12.    Notwithstanding Jackson's attempt to address more than one conviction in his single motion for PCR and issues stemming from convictions other than the one for which he is presently incarcerated, section 99-39-5(2) provides that a prisoner has three years after the

entry of a judgment of conviction in which to move for post-conviction relief. Jackson argues that he should be excepted from the time-bar because his sentence was illegal, thus violating his fundamental right to freedom from an illegal sentence.

¶13. "[E]rrors affecting fundamental rights are exempt from procedural bars that would otherwise prohibit their consideration." *Elliott*, 858 So. at 155 (¶4). The PCR statutes are an avenue for persons "in custody under sentence of a court of record" to seek relief from the conviction or sentence. Miss. Code Ann. § 99-39-5(1). Here, we see no indication from the record that Jackson is still serving his sentence for his sexual-battery conviction. When a PCR movant is no longer serving the sentence for which he seeks PCR, the Court is unable to address his complaint as he has no standing. *Elliott*, 858 So. 2d at 155 (¶6); *Wilson*, 76 So. 3d at 736 (¶11).

¶14. And with regard to Jackson's sex-offender-registration requirement, sex-offender registration is not part of Jackson's punishment or sentence, as the registration statute "establishes a civil, non-punitive regulatory scheme." *Garrison v. State*, 950 So. 2d 990, 993 (¶4) (Miss. 2006); *see also Williams v. State*, 161 So. 3d 1124, 1126 (¶13) (Miss. Ct. App. 2015). Thus, because we see no indication Jackson is still serving the sentence from which he seeks relief, because post-conviction relief is only available to those presently serving the sentence of which they complain, and because sex-offender registration is not a part of Jackson's punishment or sentence, we find these issues are without merit.

## CONCLUSION

¶15. The judgment of the circuit court denying Jackson's request for post-conviction relief

6

is affirmed.

¶16. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**