891 So.2d 274 (2004)
Christopher BALDWIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2004-CP-00016-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Rehearing Denied January 11, 2005.
*275 Christopher Baldwin (Pro Se), attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before LEE, P.J., IRVING and GRIFFIS, JJ.
LEE, P.J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. Christopher Baldwin pled guilty on December 21, 1999, in the Pearl River County Circuit Court to the charge of wire fraud. In May of 2000, Baldwin was sentenced to serve five years; however, the entire period was suspended pending the successful completion of five years of probation. Baldwin was also ordered to pay restitution and court costs.
¶ 2. On September 21, 2001, after Baldwin had violated certain conditions of his probation, the trial court signed an amendment to the order of conviction requiring that Baldwin report to the restitution center. In May of 2002, Baldwin was ordered to leave the restitution center for violent behavior. After a hearing on the matter, the trial court ordered the revocation of Baldwin's probation. However, the trial court held the order of revocation in abeyance pending Baldwin's ability to maintain *276 employment and make monthly payments on his restitution. The trial court further stated that if Baldwin failed, then his probation would be automatically revoked by the order. In order for the probation to be revoked the trial court required the probation officer to file an affidavit with the court.
¶ 3. An affidavit was filed on November 23, 2002, stating that Baldwin failed to meet the conditions of his probation. Baldwin had been fired from his job for misusing the company credit card and cell phone in the amount of $5,446.76. Baldwin was then arrested and ordered to serve his sentence in the custody of the Mississippi Department of Corrections.
¶ 4. Baldwin filed his motion for post-conviction collateral relief on September 8, 2003. The trial court denied Baldwin's motion. Baldwin now appeals to this Court asserting that the trial court erred in failing to make sufficient inquiry into the reason for his failure to make restitution payments; the trial court failed to orally inform him of the terms and conditions in the order of revocation; and the trial court erred in addressing him at his revocation hearing without an attorney present.

STANDARD OF REVIEW
¶ 5. In reviewing a trial court's denial of post-conviction relief, our standard of review is well stated. We will not disturb the trial court's factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Pace v. State, 770 So.2d 1052 (¶ 4) (Miss.Ct.App.2000).

DISCUSSION OF ISSUES

I. DID THE TRIAL COURT ERR IN FAILING TO MAKE SUFFICIENT INQUIRY INTO THE REASON FOR BALDWIN'S FAILURE TO MAKE RESTITUTION PAYMENTS?
¶ 6. In his first issue, Baldwin argues that the trial court erred in failing to make sufficient inquiry into the reason for his failure to make restitution payments. Specifically, Baldwin states that the trial court erred by not inquiring into why he was unable to pay his restitution during November 2002. Baldwin says he was indigent during that month and was unable to make his payment. Baldwin cities to Mississippi Code Annotated Section 99-19-20 (Rev.2000), to support his argument. Section 99-19-20 states, in pertinent part, as follows:
(2) The defendant may be imprisoned until the fine is paid if the defendant is financially able to pay a fine and the court so finds, subject to the limitations hereinafter set out. The defendant shall not be imprisoned if the defendant is financially unable to pay a fine and so states to the court in writing, under oath, after sentence is pronounced, and the court so finds, except if the defendant is financially unable to pay a fine and such defendant failed or refused to comply with a prior sentence as specified in subsection (1) of this section, the defendant may be imprisoned.
¶ 7. Baldwin was "indigent" because he had recently been fired from his job for accruing more than $5,000 in cell phone and company credit card charges in violation of company policy. Furthermore, this was Baldwin's third probation violation. In September 2001, Baldwin, after committing various probation violations, was ordered to attend the restitution center. In May 2002, Baldwin was kicked out of the restitution center for violent behavior. The trial court, in its order revoking Baldwin's probation, specifically stated that the revocation was a result of Baldwin's violent *277 behavior while at the restitution center. However, the trial court held the revocation order in abeyance, giving Baldwin yet another opportunity to remain out of jail. Baldwin failed to follow the terms of probation and was incarcerated.
¶ 8. During the revocation hearing in May 2002, Baldwin never testified that he was indigent. In fact, Baldwin stated that a former employer was going to rehire him. Baldwin offered to have his wages garnished. Baldwin also stated that he gets anywhere from $2,000 and $3,000 back after taxes through earned income credit and would use that money for restitution.
¶ 9. We cannot find that there was any abuse of discretion on the part of the trial judge in determining whether or not Baldwin could make his restitution payments. This issue is without merit.

II. DID THE TRIAL COURT FAIL TO ORALLY INFORM BALDWIN OF THE TERMS AND CONDITIONS OF THE ORDER OF REVOCATION?
¶ 10. In his second issue, Baldwin argues that due process requires that the trial judge orally inform a defendant of the terms and conditions of probation before revoking probation for a violation of those terms and conditions.
¶ 11. At his sentencing hearing, Baldwin was informed that part of his sentence was to make full restitution. Later, through a court order which included Baldwin's signature, Baldwin was again informed that he was to make monthly payments as part of his restitution. The order stated that Baldwin was to pay $300 per month for the first year of probation, $400 per month for the second year, and $500 per month for the third, fourth and fifth years. As Baldwin was clearly aware of the amount of his restitution and what the consequences would be if he failed to make his monthly payments, we find no merit to this issue.

III. DID THE TRIAL COURT ERR IN ADDRESSING BALDWIN AT THE HEARING WITHOUT AN ATTORNEY PRESENT?
¶ 12. In his last issue, Baldwin argues that he should have had an attorney present at his revocation hearing. Unlike many other proceedings involving those caught up in the criminal justice system, there is no automatic right to counsel at hearings for the revocation of probation. Riely v. State, 562 So.2d 1206, 1209 (Miss.1990). A probationer has the right to appointed counsel at a revocation hearing when the issues are complex or otherwise difficult to develop. Id.
¶ 13. The issues in this case were neither complex nor difficult to develop. Furthermore, Baldwin only addresses this issue for the first time in this appeal. We cannot find that there was any error.
¶ 14. THE JUDGMENT OF THE PEARL RIVER COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO PEARL RIVER COUNTY.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.