BARNES, J.,
for the Court:
¶ 1. Dung Thank Tran appeals the dismissal of his motion for post-conviction relief by the Grenada County Circuit Court. Finding no error, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. On January 30, 1995, Tran pleaded guilty of possession of cocaine pursuant to Mississippi Code Annotated section 41-29-139(c)(1) (Rev.2005) and was sentenced to serve three years in the Mississippi Department of Corrections (MDOC), pay a $125 lab fee, and forfeit $2,300 seized at the time of his arrest. Tran also pleaded guilty and was convicted of aggravated assault. This sentence ran concurrent to his possession-of-cocaine sentence. Tran completed these sentences and was released from custody; however, in 1999, he was convicted as a habitual offender for the transfer of cocaine. He was sentenced to life imprisonment in the custody of the MDOC. He appealed his 1999 conviction to this Court, which we affirmed in Tran v. State, 785 So.2d 1112 (Miss.Ct.App.2001).
¶ 3. On March 2, 2010, Tran filed a motion for post-conviction relief, collaterally attacking his 1995 conviction for possession of cocaine. The circuit court dismissed the motion for lack of jurisdiction as Tran was no longer incarcerated for this conviction. Finding no error, we affirm.
STANDARD OF REVIEW
¶ 4. “On appeal of a circuit court’s dismissal of a motion for post-conviction re *1279 lief, we will not disturb the court’s factual findings unless they are found to be clearly erroneous.” McKenzie v. State, 30 So.3d 368, 369 (¶ 2) (Miss.Ct.App.2009) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). Questions of law, however, are reviewed “under a de novo standard.” Id.
Whether the circuit court erred in dismissing the motion for post-conviction for lack of jurisdiction.
¶ 5. Tran argues that his 1995 conviction for possession of cocaine was invalid as the judge refused “to apply the rule of lenity and because of that refusal[,] his conviction is null and void.” Specifically, he claims that the 1995 crime should have been considered a misdemeanor, not a felony. Tran admits that he has fully served his sentence for this conviction but claims that, since the 1995 conviction was used to enhance his 1999 sentence, it may be attacked in his motion for post-conviction relief.
¶ 6. First, Tran’s motion is not timely as it was filed more than three years after his 1995 conviction. See Miss.Code Ann. § 99-39-5 (Rev.2009) (Motions for post-conviction relief must be filed within three years after the entry of a guilty plea.). Although Tran claims that this time bar is waived as he is claiming that his sentence was illegal, we find no merit to this argument.
¶ 7. Furthermore, Tran’s claim is barred from consideration as he is no longer incarcerated for the 1995 conviction. In a similar case, Bowie v. State, 976 So.2d 370, 371 (¶ 5) (Miss.Ct.App.2008), this Court rejected a defendant’s claim that, although he had already completed his sentence, he could collaterally attack his previous conviction as it was used to enhance his habitual-offender status. We held that “unless he is being held under the sentence of which he complains, the post-conviction relief statutes provide no remedy.” Id. (quoting Elliott v. State, 858 So.2d 154, 155 (¶ 5) (Miss.Ct.App.2003)).[1]
¶ 8. Accordingly, we find no error in the circuit court’s dismissal of Tran’s motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO GRENADA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.

. Section 99-39-5(1) was amended in 2009 to state that persons who may file a motion for post-conviction relief include persons “on parole or probation or subject to sex offender registration....” However, the statute still requires the person to be serving the sentence addressed in the motion.