RUSSELL, J.,
for the Court:
¶ 1. Terry Fleming appeals the Hinds County Circuit Court’s judgment denying his motion for post-conviction relief. He argues the circuit court erred in failing to resentence him as a non-habitual offender due to the expungement of one of his felony convictions after he was sentenced. Upon review, we find no error and affirm the circuit court’s denial of post-conviction relief.
FACTS AND PROCEDURAL HISTORY
¶ 2. In 1993, Fleming was convicted of sale of cocaine, a felony. In 1994, Fleming was convicted of possession of cocaine, also a felony. In 2000, Fleming was convicted of two additional felonies, namely sale of cocaine and sale of marijuana. Because Fleming had two prior felonies at the time of his 2000 convictions, the circuit court sentenced him as a habitual offender. Fleming’s conviction and sentence were previously affirmed by this Court, and the Mississippi Supreme Court denied certio-rari on October 24, 2002.
¶ 3. In 2009, Fleming’s 1994 conviction was expunged by the circuit court. Later in 2009, Fleming filed a motion with the Mississippi Supreme Court seeking permission to proceed with a motion for post-conviction relief in the circuit court. On January 6, 2010, the supreme court entered an order granting Fleming leave to proceed and directed the circuit court to conduct an evidentiary hearing. On February 25, 2010, Fleming filed a motion for post-conviction relief seeking to be resen-tenced as a non-habitual offender due to the expungement of his 1994 felony conviction. The circuit court denied Fleming’s motion, and he appeals that decision. We are presented with two issues on appeal: (1) whether Fleming’s motion for post-conviction relief was time-barred and (2) whether Fleming should be resentenced as a non-habitual offender where he had two prior felony convictions at the time of his sentencing as a habitual offender, but one felony was later expunged. Upon review, we find no error and affirm.
DISCUSSION
¶ 4. The circuit court’s denial of a motion for post-conviction relief will not be reversed unless its decision was clearly erroneous. Martin v. State, 66 So.3d 1288, 1289 (¶ 3) (Miss.Ct.App.2011) (citing Smith v. State, 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002)). “However, when issues of law are raised, the proper standard of review is de novo.” Id. (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
I. Whether Fleming’s motion for post-conviction relief was time-barred.
¶ 5. The State contends Fleming’s motion for post-conviction relief was time-barred. In Mississippi, a motion for post-conviction relief must be filed within the following time frame:
A motion for relief under this article shall be made within three (3) years after the time in which the petitioner’s direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment or conviction.
Miss.Code Ann. § 99-39-5(2) (Supp.2011).
¶ 6. In the instant case, Fleming was required to file his motion for post-convic *1236 tion relief within three years “after the time in which [Fleming’s] direct appeal [was] ruled upon by the Supreme Court of Mississippi.” Miss.Code Ann. § 99-39-5(2). Our supreme court denied Fleming’s petition for writ of certiorari on October 24, 2002.[1] Fleming did not file his motion until February 25, 2010 — well over three years after the supreme court’s order denying certiorari. Therefore, Fleming’s motion for post-conviction relief was time-barred unless he met an exception to the three-year statute of limitations.
¶ 7. Fleming cites the following statute to support his position that his ease was excepted from the statute of limitations:[2]
That there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentenced]
Miss.Code Ann. § 99 — 39—5(2)(a)(i) (emphasis added). Fleming argues his case fell under this exception to the three-year statute of limitations because the expungement of his 1994 conviction by the circuit court in 2009 was an “intervening decision.” An “intervening decision” under this section refers to case law — a decision of the “Supreme Court of either the State of Mississippi or the United States”[3] — not an order of expungement entered by a circuit court. See Glenn v. State, 940 So.2d 969, 970-71 (¶¶4-5) (Miss.Ct.App.2006) (discussing “intervening case law”). Further, Fleming failed to provide any intervening decision by the Mississippi Supreme Court or the United States Supreme Court that would adversely affect the outcome of his conviction or sentence. See Oaks v. State, 912 So.2d 1075, 1077 (¶ 7) (Miss.Ct.App.2005) (holding petitioner’s failure to “present any intervening decision from the Supreme Court of either the United States or the State of Mississippi which would have actually adversely affected the outcome of his conviction or sentence” rendered his motion for post-conviction relief time-barred). Because Fleming failed to cite or argue any relevant exception, we find that Fleming’s motion for post-conviction relief was time-barred. Notwithstanding this time bar, we will address the merits of Fleming’s argument.
II. Whether Fleming should be re-sentenced as a non-habitual offender where he had two prior felony convictions at the time of his sentencing as a habitual offender, but one felony was later expunged.
¶ 8. Fleming argues that he is entitled to be resentenced as a non-habitual offender due to the expungement of his 1994 conviction in 2009. Our habitual-offender statute provides:
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) *1237 year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
Miss.Code Ann. § 99-19-81 (Rev.2007) (emphasis added).
¶ 9. Fleming does not dispute being sentenced as a habitual offender at the time of his 2000 convictions. Rather, he asserts the expungement of his 1994 felony conviction in 2009 entitles him to be re-sentenced as a non-habitual offender since he no longer has two pre-2000 felony convictions. We have been unable to find any Mississippi case law on this point. But a plain reading of section 99-19-81 states that a sentence imposed under this statute “shall not be reduced.” Moreover, although not in effect at the time of Fleming’s 2000 convictions, the Legislature later enacted a statute which states, in pertinent part, that “[a]ny criminal conviction which has been expunged or nonadjudicat-ed may be used for the purpose of determining habitual offender statutes!/]” Miss.Code Ann. § 45-27-21 (Rev.2011) (effective from and after July 1, 2006).
¶ 10. We also find guidance in our ex-pungement statute:
Upon the dismissal of a person and discharge of proceedings against him ..., the person may apply to the court for an order to expunge from all official records, other than the nonpublic records to be retained by the bureau ..., all recordation relating to his arrest, indictment, trial, finding of guilt, and dismissal and discharge pursuant to this section. If the court determines, after hearing, that such person was dismissed and the proceedings against him discharged, or that the person had satisfactorily served his sentence or period of probation and parole, it shall enter an order of expunction. The effect of the order shall be to restore the person, in the contemplation of the law, to the status he occupied before such arrest or indictment. No person as to whom such an order has been entered shall be held thereafter under any provision of any law to be guilty of perjury or otherwise giving a false statement by reason of his failures to recite or acknowledge such arrest, indictment or trial in response to any inquiry made of him for any purpose.
Miss.Code Ann. § 41-29-150(d)(2) (Supp.2011). This statute also states: “It is the intent and purpose of the Legislature to promote the rehabilitation of persons convicted of offenses under the Uniform Controlled Substances Law.” Miss.Code Ann. § 41-29-150(g) (emphasis added). In addition to the plain language of the statute, our supreme court has discussed the rehabilitative purpose of the expungement statute, stating:
We are of the opinion the statute is intended to cure the evil of recidivism. Enhanced punishment relates to the conduct underlying the previous convictions. Adjudication of guilt and consequent pronouncements of sentences merely accord those convictions finality. Subsequent suspension of the sentences or probation is a matter of grace only, arising from the hope that the prospects of rehabilitation of the guilty warrant leniency. Clearly that hope is defeated when the beneficiary of the indulgence perpetrates further felonies. The statute is suited precisely to this problem.
Jackson v. State, 381 So.2d 1040, 1042 (Miss.1980). Further, “[t]he purpose of the habitual offender acts is to punish not only for the immediate offense, but to also punish for a pattern of criminal conduct.” *1238 Berry v. State, 907 So.2d 1011, 1013 (¶ 10) (Miss.Ct.App.2005) (citing Jackson v. State, 381 So.2d 1040, 1042 (Miss.1980)).
¶ 11. In the instant case, the circuit court’s judgment to deny Fleming’s motion for post-conviction relief stated, in pertinent part, as follows:
After hearing oral argument on the issue, the Court finds the motion should be denied. The expungement statute was passed by the [Legislature to give first time offenders an opportunity for rehabilitation such that they could be productive members of society. [Fleming] was entitled to an expungement [for his 1994 possession of cocaine conviction]. However, [Fleming] did not seek expungement until after he committed at least two more felonies and was sentenced as a habitual [offender]. The Court finds that to allow [Fleming] to be resentenced as a non-habitual [offender] would contravene the legislative purposes of the expungement and habitual [offender] statutes.
¶ 12. We agree with the circuit court’s reasoning and the result reached. From a plain reading of section 41-29-150(g), it is clear that the Legislature intended to allow certain expungements to “promote the rehabilitation of persons convicted of offenses under the Uniform Controlled Substances Law.” In the instant case, Fleming was not rehabilitated because he was convicted of two more felonies after his 1994 conviction, both of which involved controlled substances. Indeed, Fleming’s pattern of criminal conduct in the drug arena evinced his unwillingness to become rehabilitated. Further, Fleming did not seek expungement of his 1994 conviction until after he was convicted of two more felonies and sentenced as a habitual offender. Therefore, we find that Fleming was not entitled to be resentenced as a non-habitual offender. The judgment of the circuit court denying Fleming’s motion for post-conviction relief is affirmed.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MYERS, J., NOT PARTICIPATING.

. See Fleming v. State, 829 So.2d 1245 (Miss.2002).

. There are other exceptions to the three-year statute of limitations for post-conviction-relief cases, but none of those exceptions are applicable to this case. See Miss.Code Ann. § 99-39-5(2)(a)-(b).

.Miss.Code Ann. § 99-39-5(2)(a)(i).