FAIR, J.,
for the Court:
¶ 1. In September 1998, Shauntell Sum-merall pled guilty to armed robbery. He was sentenced to twenty years’ imprisonment, with ten suspended. Summerall was released from incarceration sometime in 2007. He was arrested on August 27, 2007, for misdemeanor possession of marijuana, and again on September 12, 2007, for violation of a noise ordinance, disorderly conduct, resisting arrest, and possession of a dirk knife by a convicted felon.
¶ 2. The trial court revoked Summerall’s suspended sentence after he was indicted on the felony weapon possession charge, though the revocation order cites each of the various offenses, as well as failure to pay court costs, fines, and restitution. Summerall was later brought to trial and convicted of the felon-in-possession charge. The conviction was reversed on appeal, and an acquittal was rendered, after this Court found that SummeraU’s small, fixed-blade knife was not a “dirk knife” prohibited by the statute. Summerall v. State, 41 So.3d 729, 737 (¶ 29) (Miss.Ct.App.2010).
¶ 3. Summerall filed a motion for post-conviction relief contending his revocation was illegal because it was predicated on an error of law regarding the knife, and because, so far as the record reveals, none of his other criminal charges were ever substantiated. The trial court dismissed the PCR motion as both time-barred and factually without merit as well. Summerall has appealed.
¶ 4. We agree that the motion was not time-barred, but we conclude Summerall is not entitled to relief because he admitted he failed to pay his fines, restitution, and court costs.
STANDARD OF REVIEW
¶ 5. The circuit court may summarily dismiss a PCR motion without an eviden-tiary hearing “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2013). To succeed on appeal, the petitioner must: (1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is proee-durally alive. Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999).
¶ 6. When reviewing the denial of a PCR motion, an appellate court “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Collins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008). Our review of the summary dismissal of a PCR motion, a question of law, is de novo. Young, 731 So.2d at 1122 (¶ 9).
DISCUSSION
1. Time Bar
¶ 7. Summerall filed his PCR motion in April 2011. His original conviction for armed robbery was in September 1998. One who has pled guilty ordinarily has just three years from the entry of the judgment of conviction to file a motion for post-conviction relief. Miss.Code Ann. § 99-39-5(2) (Supp.2013).
¶ 8. Summerall’s PCR motion was obviously filed outside the three-year limitations period. That is not the end of the line for all PCR claims, however, as there are exceptions to the time bar enumerated in the statute. See Miss.Code Ann. § 99- *615 39-5(2)(a)-(b). “[W]e must look to see whether an exception to these procedural bars applies. The movant bears the burden of showing he has met a statutory exception.” Bell v. State, 95 So.3d 760, 763 (¶ 10) (Miss.Ct.App.2012) (citation omitted).
¶ 9. Summerall contends his suspended sentence was illegally revoked. That claim fits squarely within the statutory exception for “those cases in which the petitioner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.” Miss.Code Ann. § 99 — 39—5(2)(b); see Fortson v. Hargett, 662 So.2d 633, 635 (Miss.1995).
¶ 10. The trial court erred in finding Summerall’s motion time-barred, so we proceed to the merits of his claim.
2. Merits of the Revocation
¶ 11. Summerall divides this question into two issues in his brief. In the first, he contends the trial court erred in revoking his suspended sentence based on the various criminal charges, especially possession of a weapon by a convicted felon, of which he was ultimately exonerated. Summerall’s second issue addresses the trial court’s determination that he violated the terms of the suspended sentence by failing to pay court costs, fines, and restitution. Since failure to pay is an independent ground for revocation, and the record supports the trial court’s decision to revoke on that basis, that issue is disposi-tive and there is no need to address Sum-merall’s argument regarding the criminal charges.
¶ 12. If the State determines a fine or restitution to be the appropriate and adequate penalty for the crime, it may not thereafter imprison a person solely because he lacks the resources to pay. The United States Supreme Court has recognized the difference between an indigent defendant’s inability to pay and a defendant’s refusal to pay, explaining that “nothing in our decision today precludes imprisonment for willful refusal to pay a fine or court costs.” Williams v. Illinois, 399 U.S. 235, 242 n. 19, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970). Likewise in Tate v. Short, 401 U.S. 395, 400, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971), the Court “emphasize[d] that our holding today does not suggest any constitutional infirmity in imprisonment of a defendant with the means to pay a fine who refuses or neglects to do so.” As explained in Bearden v. Georgia, 461 U.S. 660, 668-69, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983),
This distinction, based on the reasons for non-payment, is of critical importance here. If the probationer has willfully refused to pay the fine or restitution when he has the means to pay, the State is perfectly justified in using imprisonment as a sanction to enforce collection. Similarly, a probationer’s failure to make sufficient bona fide efforts to seek employment or borrow money in order to pay the fine or restitution may reflect an insufficient concern for paying the debt he owes to society for his crime. In such a situation, the State is likewise justified in revoking probation and using imprisonment as an appropriate penalty for the offense. But if the probationer has made all reasonable efforts to pay the fine or restitution, and yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available.
(Internal citation and footnote omitted). See also Berdin v. State, 648 So.2d 73, 78-79 (Miss.1994) (overruled on other grounds).
*616 ¶ 13. Melanie Schurb, the Mississippi Department of Corrections field officer who supervised Summerall, testified at the revocation hearing that Summerall had failed to pay his fines, court costs, and restitution. Summerall himself admitted he had not paid everything,[1] but he blamed Schurb for not reminding him. She responded that she had instructed Summe-rall to consult the circuit clerk as to what he owed, but he had not done so.
¶ 14. Summerall cites Bearden and other inability to pay cases, focusing his argument on the following passage: “[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay.” Bearden, 461 U.S. at 672, 103 S.Ct. 2064. The flaw in this argument is that Summerall has never claimed to be indigent, and he volunteered the reason he had not paid — that no one had reminded him to, which was contradicted by the supervising officer. Who to believe was well within the discretion of the circuit court. And a defendant who “refuses or neglects” to pay his fines and other costs may have his suspended sentence lawfully revoked. Tate, 401 U.S. at 400, 91 S.Ct. 668.
CONCLUSION
¶ 15. Although the circuit court erred in finding Summerall’s PCR petition time-barred, the record supports dismissal because “it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the mov-ant is not entitled to any relief.” Miss. Code Ann. § 99-39-11(2) (Supp.2013). We therefore affirm the circuit court’s judgment.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO FORREST COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ„ CONCUR.

. He did say he had been paying his “P.O.,” presumably toward the cost of his supervision.