# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40461

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

February 1, 2016

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

JOSE NAPOLEON ALFARO-ENRIQUEZ,
also known as Jose Napoleon Alfaro-Henriquez,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-1889

Before JOLLY and JONES, Circuit Judges, and MILLS*, District Judge.
EDITH H. JONES, Circuit Judge: **

This appellant was sentenced to 41 months imprisonment for illegal reentry after the district court removed one criminal history point from his United States Sentencing Guidelines ("U.S.S.G.") sentence calculation and then departed downward from a sentencing range of 46-57 months. The original range was calculated using a 16-level enhancement for a prior "felony"

---

\* District Judge of the Northern District of Mississippi, sitting by designation.

\*\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40461

conviction in California for willful infliction of corporal injury.  *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (crime of violence).  On appeal, for the first time, Alfaro-Enriquez argues that the court committed "plain error" in failing to recognize that the California conviction was actually for a misdemeanor offense, which would justify only a 12-level enhancement.  Using this metric, the sentencing range would be 30-37 months.

The appeal thus raises the familiar questions whether the court committed "plain error" in accepting the felony characterization of the crime; whether the defendant's substantial rights were adversely affected; and whether this court should exercise its discretion to require resentencing in order to protect the fairness, integrity or public reputation of federal proceedings.  *See United States v. Villegas*, 404 F.3d 355, 358-59 (5th Cir. 2005) (per curiam).  We review these questions de novo.  Compelled to follow this court's case law, we must reverse and remand for resentencing.

First, we are unpersuaded by the government's defense of the "felony" characterization on appeal, which stands contrary to its trial court concession that the conviction was a misdemeanor offense in California law. Characterization is at bottom a federal question concerning the interpretation of the Guidelines, but this court has held that state law may inform that interpretation.  *See United States v. Rivera-Perez*, 322 F.3d 350, 352 (5th Cir. 2003) (per curiam).  Stripped of state law complexities concerning "wobbler" offenses that may be punished as felonies or misdemeanors, this appellant's California case proceeded as a misdemeanor under the misdemeanor version of California Penal Code § 273.5.  At no point was the charged offense treated as a felony by the prosecution or the state court, and Alfaro-Enriquez never faced the possibility of receiving a sentence of imprisonment exceeding one year.  He received only probation.  According to California Penal Code § 17(b)(4), when the prosecutor files "a complaint specifying that the offense is

No. 15-40461

a misdemeanor," without objection by the defendant, the "wobbler" offense is converted to a misdemeanor "for all purposes."   Because this was indeed a misdemeanor offense under California law, and it does not qualify otherwise as a crime of violence for guidelines purposes, the court's error in applying a 16-level enhancement was "plain."

Second, the "plain" error affected this defendant's substantial rights because the gap between the felony-enhanced sentencing range and the lesser-enhanced range was significant.  Moreover, the court's approach to sentencing, which yielded a downward departure from the wrong range, may indicate a disposition toward even greater clemency with a lowered sentencing range. There is a "reasonable probability that, but for the district court's error, [Alfaro-Enriquez] would have received a lower sentence."  *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010); *see also United States v. Medina-Torres*, 703 F.3d 770, 778 (5th Cir. 2012) (substantial rights were affected by a 9-15 month difference in the correct and incorrect guidelines ranges).

Finally, and this is the closest question, we must be guided by this court's interpretation of *Puckett v. United States*, 556 U.S. 129, 135, 129 S. Ct. 1423, 1429 (2009), in interpreting the final standard for plain error relief.  Although it is never required, *see United States v. Ellis*, 564 F.3d 370, 378-79 (5th Cir. 2009), in similar cases to this one, we have ordered resentencing.  *See, e.g.*, *United States v. McCann*, 613 F.3d 486, 503-04, 503 n.10 (5th Cir. 2010).  We therefore exercise our discretion to order remand for resentencing because of the sizable gap between the two sentencing ranges, the district court's belief that his criminal history was "over-represented" by the Pre-Sentence Report ("PSR"), and the absence of any firm statement from the court about its intention to impose a 41-month sentence irrespective of the guidelines range.

For these reasons, the sentence is **VACATED** and **REMANDED** for resentencing.