# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CA-00868-COA

**HAROLD E. ARRINGTON**                                             **APPELLANT**

**v.**

**MARGIE N. ARRINGTON**                                              **APPELLEE**

DATE OF JUDGMENT:                05/18/2017
TRIAL JUDGE:                     HON. JACQUELINE ESTES MASK
COURT FROM WHICH APPEALED:       LEE COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:         RONALD WARREN SMITH
                                 KRISI ALLEN
ATTORNEY FOR APPELLEE:           MARGIE N. ARRINGTON (PRO SE)
NATURE OF THE CASE:              CIVIL - DOMESTIC RELATIONS
DISPOSITION:                     REVERSED AND REMANDED: 09/11/2018
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.

## GRIFFIS, P.J., FOR THE COURT:

¶1.     Harold E. Arrington and Margie N. Arrington agreed to an irreconcilable-differences divorce. Margie's attorney drafted a joint complaint for divorce and a property settlement agreement. Without legal counsel, Harold signed both documents. On February 2, 2012, the joint complaint for divorce with the property settlement agreement attached were filed with the chancery clerk.

¶2.     On May 15, 2012, the chancellor signed a final decree of divorce. The property settlement agreement was incorporated by reference in the final decree. For reasons that are not explained in the record, the final decree was not filed with the chancery clerk until June 3, 2014.

¶3.     On August 23, 2013, through an attorney, Harold filed a withdrawal of consent to the joint claim for divorce.  Then, on April 15, 2014, Harold filed an amended complaint for divorce on the ground of desertion.  Margie answered Harold's amended complaint and filed a counter-complaint for divorce.  Finally, on March 27, 2015, Harold filed a motion to set aside the divorce decree.

¶4.     On May 18, 2017, the chancellor held a hearing "concerning the divorce of [Harold] and [Margie]."  The chancellor noted that the final decree "was executed a year before the withdrawal of the consent was entered."  The chancellor then ruled that the final decree, which was executed on May 15, 2012, would stand and that all subsequently filed pleadings were dismissed.  Harold now appeals this order.

## STANDARD OF REVIEW

¶5.     This Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused her discretion, was manifestly wrong, clearly erroneous, or applied an erroneous legal standard.  *Sanderson v. Sanderson*, 824 So. 2d 623, 625-26 (¶8) (Miss. 2002).  "A chancellor's conclusions of law are reviewed de novo." *Lowrey v. Lowrey*, 25 So. 3d 274, 285 (¶26) (Miss. 2009).

¶6.     In addition, we note that Margie did not file a brief in this appeal.  "Automatic reversal is not required where the appellee fails to file a brief." *Rogillo v. Rogillo*, 101 So. 3d 150, 153 (¶12) (Miss. 2012).  "Failure of an appellee to file a brief is tantamount to confession of error and will be accepted as such unless the reviewing court can say with

confidence, after considering the record and brief of [the] appealing party, that there was no error." *Dethlefs v. Beau Maison Dev. Corp.*, 458 So. 2d 714, 717 (Miss. 1984). We have considered the record and Harold's brief, and we can say with confidence that there was error.

## ANALYSIS

¶7. Mississippi law provides for a divorce on the grounds of irreconcilable differences. An irreconcilable-differences divorce may be granted "upon the joint complaint of the husband and wife . . . ." Miss. Code Ann. § 93-5-2(1) (Supp. 2008). "If the parties provide by written agreement . . . the settlement of any property rights between the parties and the court finds that such provisions are adequate and sufficient, the agreement may be incorporated in the judgment . . . ." Miss. Code Ann. § 93-5-2(2).

¶8. Harold and Margie filed a joint complaint for divorce, which complied with sections 93-5-2(1) and (2). They also agreed to and signed a property settlement agreement. Their divorce was supposedly final when the chancellor signed the final decree of divorce, which incorporated the property settlement agreement by reference, on May 15, 2012.

¶9. The problem here is that the final decree was not filed with the chancery clerk within a reasonable time after it was signed on May 15, 2012.[1] Before it was filed, Harold attempted to withdraw his consent to an irreconcilable-differences divorce when he filed, on

---

[1] Under Uniform Chancery Court Rule 5.06, "[a]s soon as a Judgment has been signed by the Chancellor, it shall be promptly delivered to the Clerk of the proper Court for record in the minute book."

3

August 23, 2013, a withdrawal of consent to the joint complaint for divorce. He also filed an amended complaint for divorce, which Margie answered, and a motion to set aside the divorce decree.

¶10. The question we must resolve is whether Harold's attempt to withdraw consent was presented to the chancery court before the final decree was considered a final judgment.

### I. When is a judgment final?

¶11. Mississippi Rule of Civil Procedure 58, titled "Entry of Judgment," provides:

> Every judgment shall be set forth on a separate document which bears the title of "Judgment." However, a judgment which fully adjudicates the claim as to all parties and which has been entered as provided in M.R.C.P. 79(a) shall, in the absence of prejudice to a party, have the force and finality of a judgment even if it is not properly titled. *A judgment shall be effective only when entered as provided in M.R.C.P. 79(a)*.

(Emphasis added). The Advisory Committee Notes to Rule 58 add that "[t]he 'entry' of the judgment is the ministerial notation of the judgment by the clerk of the court pursuant to Rules 38 and 79(a); *however, it is crucial to the effectiveness of the judgment* and for measuring time periods for appeal and the filing of various motions." (Emphasis added).

¶12. Mississippi Rule of Civil Procedure 79, titled "Books and Records Kept by the Clerk and Entries Therein," provides:

> (a) General Docket. The clerk shall keep a book known as the "general docket" of such form and style as is required by law and shall enter therein each civil action to which these rules are made applicable. The file number of each action shall be noted on each page of the docket whereon an entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, verdicts, and judgments shall be noted in this general docket on the page assigned to the action and shall be marked with its

4

file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made. In the event a formal order is entered, the clerk shall insert the order in the file of the case.

(b) Minute Book. The clerk shall keep a correct copy of every judgment or order. This record shall be known as the "Minute Book."

¶13.    The Advisory Committee Note to Rule 79 adds[2]:

Rule 79(a) specifies that the docket entries reflect the date on which entries are made in the general docket. Since several important time periods and deadlines are calculated from the date of the entry of judgments and orders, these entries must accurately reflect the actual date of the entries rather than another date, such as the date on which a judgment or order is signed by the judge. See, for example, Rule 58 mandating that a judgment is effective only when entered as provided in Rule 79(a), and Rule 59 which requires that motions to alter or amend judgments be filed within ten days after the entry of judgment.

¶14.    Rule 58 clearly provides that "[a] judgment shall be effective *only* when entered as provided in Rule 79(a)." (Emphasis added). Rule 79(a) requires the clerk to keep a "general docket" and to enter "all . . . judgments." Thus, we may conclude that a judgment is not final until it is recorded in the clerk's general docket. M.R.C.P. 58, 79(a). *See, e.g.*, *Cleveland Nursing & Rehab. LLC v. Estate of Gully*, 206 So. 3d 516, 521 (¶17) (Miss. 2016) ("Because the docket entry did not comply with Rule 79(a), the trial court did not abuse its discretion in finding that no judgment had been properly entered."); *Thompson v. City of Vicksburg*, 813 So. 2d 717, 719-20 (¶11) (Miss. 2002) (Summary judgment was not a final appealable order

_____

[2] The Advisory Committee Note was adopted effective July 1, 2014, to clarify the spirit of the rule.

because trial court did not enter a document styled "Final Judgment.").

¶15.   We find that, under Rules 58 and 79(a), the final decree signed by the chancellor was not final until it was entered by the chancery clerk on June 3, 2014.

   II.   *Did Harold withdraw consent to the irreconcilable-differences divorce?*

¶16.   Now, we must determine whether Harold withdrew his consent to the joint complaint for divorce in a timely manner.

¶17.   We note that section 93-5-2(3) provides:

> If the parties are unable to agree upon adequate and sufficient provisions for the custody and maintenance of any children of that marriage or any property rights between them, they may consent to a divorce on the ground of irreconcilable differences and permit the court to decide the issues upon which they cannot agree. Such consent must be in writing, signed by both parties personally, must state that the parties voluntarily consent to permit the court to decide such issues, which shall be specifically set forth in such consent, and that the parties understand that the decision of the court shall be a binding and lawful judgment. ***Such consent may not be withdrawn by a party without leave of the court after the court has commenced any proceeding, including the hearing of any motion or other matter pertaining thereto*** . . . .

(Emphasis added).   However, this section applies only when the parties agree to an irreconcilable-differences divorce but are unable to agree upon adequate and sufficient provisions for custody or property rights and consent to allow the court to decide these specific disputed issues. *Id*.

¶18.   Here, the parties agreed to an irreconcilable-differences divorce and incorporated an agreed-upon property settlement.  They did not invoke section 93-5-2(3), and there were no issues upon which the parties did not agree.  We also find no authority to expand this

6

restriction on the withdrawal of consent outside of section 93-5-2(3). We therefore find that the consent restriction in section 93-5-2(3) does not apply here. Harold was not required to obtain leave of court to withdraw his consent to the joint complaint for divorce.

¶19.    Thus, we find that the May 15, 2012 final decree was not entered and final until June 3, 2014. Before it was final, Harold withdrew his consent to the joint complaint for divorce. Therefore, we hold that the chancellor abused her discretion in dismissing all pleadings filed subsequent to May 15, 2012. Thus, we reverse and remand for further proceedings consistent with this opinion.

¶20.    **REVERSED AND REMANDED.**

**LEE, C.J., IRVING, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**