# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-CP-00094-COA

**DUNG THANK TRAN A/K/A JULIO TRAN**        **APPELLANT**
**A/K/A DUNG TRAN A/K/A DUNG T. TRAN**
**A/K/A DUNG THANH TRAN**

**v.**

**STATE OF MISSISSIPPI**        **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/14/2021 |
| TRIAL JUDGE: | HON. JOSEPH H. LOPER JR. |
| COURT FROM WHICH APPEALED: | GRENADA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DUNG THANK TRAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: ALLISON ELIZABETH HORNE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 05/30/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT**:

¶1. On April 26, 2021, Dung Thank Tran petitioned the Grenada County Circuit Court for the expungement of his 1995 felony conviction of possession of cocaine under Mississippi Code Annotated section 41-29-139(c)(1) (Rev. 1993). The circuit court denied Dung's petition for expungement because five years had not elapsed since Dung completed the terms and conditions of his sentence. Dung had not paid crime lab fees and court costs associated with his 1995 conviction until March 2021, a month before petitioning for expungement. As a result, the circuit court determined that pursuant to Mississippi Code Annotated section 99-19-71(2)(a) (Rev. 2020), Dung was ineligible for felony expungement.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On October 25, 1994, Dung was arrested and charged for the possession of trace amounts or residue of cocaine. Shortly after, Dung was also charged for aggravated assault, occurring on or about November 10, 1994. A grand jury indicted Dung on January 11, 1995, for the possession of cocaine pursuant to Mississippi Code Annotated section 41-29-139(c)(1). On January 30, 1995, Dung pled guilty to the felony possession of cocaine. Sometime after, Dung separately pled guilty to aggravated assault. *Tran v. State* (*Tran I*), 785 So. 2d 1112, 1114 (¶1) (Miss. Ct. App. 2001); *Tran v. State* (*Tran II*), 92 So. 3d 1278, 1278 (¶2) (Miss. Ct. App. 2011), *overruled by Howell v. State*, 283 So. 3d 1100, 1104 (¶15) (Miss. 2019).

¶3.     On January 31, 1995, Circuit Judge Joseph Loper held a plea hearing for Dung on the charges of possession of cocaine and aggravated assault. The State presented the factual bases for both possession of cocaine[1] and aggravated assault. The circuit court sentenced

_____

[1] The prosecution said, "I think it was a misdemeanor arrest warrant, police found a small quantity of cocaine within the Defendant's immediate area of control in his automobile. Also, I think they found some drug paraphernalia." While Dung makes the assertion that his felony conviction should be treated as a misdemeanor (as explained in more detail in our analysis), this Court observes that in January 1995, despite the State's comment that he had been arrested for a misdemeanor, the State could only charge Dung with a felony. The existing statute at the time provided:

> (c) It is unlawful for any person knowingly or intentionally to possess any controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of his professional practice, or except as otherwise authorized by this article. Any person who violates this subsection with respect to: (1) A controlled substance classified in Schedule I or II, as set out in Sections 41-29-113 and 41-29-115, except marihuana, is guilty of a felony and upon conviction may be imprisoned for not more than three (3) years . . . .

Dung to a sentence of ten years in the custody of the Mississippi Department of Corrections (MDOC), with six years suspended and four years to serve, for the aggravated assault conviction. As a condition of this sentence, the circuit court ordered Dung to pay half of all jury costs within six months of his release from the MDOC's custody. Additionally, the circuit court sentenced Dung to serve three years in the MDOC's custody for the possession of cocaine conviction, which was ordered to run concurrently with the aggravated assault sentence. The circuit court further ordered, as a condition of his possession-of-cocaine

---

Miss. Code Ann. § 41-29-139(c) (Rev. 1993). But in 1999, the amended statute read:

> (1) A controlled substance classified in Schedule I or II, except marihuana following amounts shall be charged and sentenced as follows: (A) Less than one-tenth (0.1) gram or one (1) dosage unit or less may be charged as a *misdemeanor or felony*. If charged by indictment as a felony: by imprisonment not less than one (1) nor more than four (4) years and a fine not more than Ten Thousand Dollars ($10,000.00). If charged as a misdemeanor: by imprisonment for up to one (1) year and a fine not more than One Thousand Dollars ($1,000.00).

Miss. Code Ann. § 41-29-139(c) (Supp. 1999) (emphasis added). Therefore, the State had the discretion to charge the offense as a misdemeanor or a felony. *Hudson v. State*, 30 So. 3d 1199, 1203 n.5 (Miss. 2010); *accord Alexander v. State*, 749 So. 2d 1031, 1039-40 (¶¶30-32) (Miss. 1999). The United States Court of Appeals for the Fifth Circuit, on appeal from a Texas district court, termed an offense written in such a way as "wobbler" offense. *United States v. Alfaro-Enriquez*, 637 F. App'x 797, 798 (5th Cir. 2016); *United States v. Perez-Bustillo*, 488 F. App'x 815, 816 (5th Cir. 2012) (defining wobbler as an offense where the "punishment under the statute may be either as a felony or misdemeanor"); *see Ewing v. California*, 538 U.S. 11, 29 (2003) (discussing trial court's discretion to charge at sentencing); *Lange v. California*, 141 S. Ct. 2011, 2035 (2021) (Roberts, C.J., concurring) ("[F]or certain offenses the exact same conduct may be charged as a misdemeanor or felony depending on the discretionary decisions of the prosecutor and the judge."). And our Mississippi Supreme Court has declined to address its constitutionality. *Hudson*, 30 So. 3d at 1203 n.5. Nevertheless, our analysis focuses solely on the Legislature's classification of the offense as a felony at the time Dung committed the offense in 1994 because Dung petitioned for his 1995 conviction to be expunged, rather than his 1999 conviction.

sentence, that Dung "pay lab fees of a hundred and twenty-five dollars ($125.00), all court costs, assessments" within six months of release from the MDOC's custody.

¶4.    After serving his sentence, Dung was released from the MDOC's custody. *Tran II*, 92 So. 3d at 1278 (¶2). On March 25, 1999, however, a confidential informant arranged to buy crack cocaine from Dung. *Id*. at (¶3). Dung was recorded stating that he would bring "three-sixteenths" to the confidential informant at a Holiday Inn. *Id*. As soon as Dung handed the crack cocaine to the confidential informant, Grenada Police Department officers rushed in and arrested Dung. *Id*. at (¶5). A grand jury indicted Dung for the transfer of cocaine in violation of Mississippi Code Annotated section 41-29-139(a)(1) and (b)(1) (Rev. 1995). *Id*. The State also charged Dung "as a habitual offender because of [his] prior conviction of possession of cocaine and . . . aggravated assault." *Id*. at (¶1). A jury trial was held on January 26, 2000. *Id*. The jury found Dung guilty of transferring cocaine. *Id*. Following trial, the circuit court determined that Dung was a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev. 1994) and sentenced him to life imprisonment without eligibility for parole, probation, or early release. *Id*.

¶5.    Since then, Dung has been in MDOC's custody. Dung directly appealed the jury's guilty verdict, alleging that the evidence to sentence him as a habitual offender was insufficient, that the jury's verdict was against the overwhelming weight of the evidence, and that he had been entrapped. *Tran I*, 785 So. 2d at 1115 (¶2). This Court affirmed the conviction and sentence. *Id*. at 1120 (¶26). Then, "[o]n March 2, 2010, Tran filed a motion for post-conviction relief [(PCR)], collaterally attacking his 1995 conviction for possession

4

of cocaine." *Tran II*, 92 So. 3d at 1278 (¶3). The circuit court dismissed the motion for lack

of jurisdiction. *Id*. We affirmed the dismissal, stating that "Tran's claim is barred from

consideration as he is no longer incarcerated for the 1995 conviction." *Id*. at 1279 (¶7).[2]

¶6.     In 2014, Dung filed an application for leave in the Mississippi Supreme Court. *Tran

v. State*, 2014-M-00253 (Miss. April 11, 2014) (order):

> [H]e sought leave to challenge his present life sentence via a PCR motion in
> the trial court. Tran claimed that his sentence was "illegal" because of his
> alleged "actual innocence as a habitual offender." A panel of the Supreme
> Court denied Tran's application, finding that it was barred by the statute of
> limitations, the prohibition against successive applications, and res judicata
> and also "without merit."

*Tran v. State* (*Tran III*), 231 So. 3d 231, 232 (¶4) (Miss. Ct. App. 2017). In 2017, Dung filed

another PCR motion, addressing his 1995 conviction of possession of cocaine and, once

more, asserting that "his 1995 felony conviction [was] void because his offense was only a

misdemeanor. He relie[d] on amendments to the law that took effect more than nineteen

years after he was convicted and more than sixteen years after he served his sentence for the

conviction." *Id*. at (¶5). The Mississippi Court of Appeals affirmed the circuit court's

dismissal of Dung's 2017 PCR motion for lack of jurisdiction because Dung did not receive

---

[2] *Tran II* has been overruled by *Howell*, 283 So. 3d at 1104 (¶15), with the
Mississippi Supreme Court stating, "We disagree with the Court of Appeals' footnoted
conclusion that the amended statute requires the person filing a motion for postconviction
relief to be serving the sentence addressed in the motion." Our supreme court disagreed with
the conclusion because the Legislature had since removed the requirement. The Court said
that "[s]tanding no longer hinges on the requirement of being 'any prisoner in custody under
sentence of a court of record of the State of Mississippi.'" *Id*. at (¶16). "Instead,
postconviction relief is available to '[a]ny person sentenced by a court of record of the State
of Mississippi.'" *Id*. at (¶16) (quoting Miss. Code Ann. § 99-39-5(1) (Rev. 2015)).
Although we acknowledge the change in law, Dung has not requested our review of the
dismissal of his PCR.

permission from the Mississippi Supreme Court to file the PCR motion. *Id*. at 233 (¶7). This Court did not address the merits, i.e., whether Dung's felony conviction was "void because his offense was only a misdemeanor." *Id*. at 232 (¶5).

¶7. On August 26, 2019, Dung petitioned for the expungement of this 1995 felony conviction for the possession of cocaine. The circuit court's order denying the petition stated, "As part of his sentence, [Dung] was ordered to pay a $125.00 lab fee to the North Mississippi Crime Lab, as well as, $186.00 in court costs." The circuit court concluded, "Because [Dung] has not paid all the criminal fines and costs of court imposed as part of his sentence, his conviction is ineligible for expunction under [Mississippi Code Annotated] 99-19-71(2) [(Supp. 2019)]." On February 23, 2021, Dung requested that a total of $311.00 be taken out of his account to pay the crime lab fee and the court costs "to expunge the misdemeanor cocaine possession on cause #6870." The circuit court clerk received the check on March 26, 2021.

¶8. On April 9, 2021, Dung again petitioned for expungement of his 1995 felony conviction for the possession of cocaine. Dung explained that he "understood very little [E]nglish because of [his] being a Vietnamese and a native of Saigon. His father [was] a natural born[] citizen in the United States of America, who fought in the Vietnam war that allow[s] [him] [to] enjoy dual citizenship." Dung asserted that because it has been twenty years since he "completed the term and condition of his sentence for possession of cocaine," and because his "conviction for possession of cocaine [was] less than one-tenth (0.1) of a gram," his conviction "qualif[ies] to be expunged from his public records." Circuit Judge

6

Loper denied Dung's petition for his failure to pay the $150.00 filing fee. On August 26, 2021, Dung signed a check for $150.00 paid to the order of the circuit court clerk in Grenada County. The circuit court received the check on September 9, 2021.

¶9. On October 21, 2021, Dung re-filed his petition for expungement, referring to his conviction as a "misdemeanor." On November 10, 2021, the circuit court ordered the State to respond. On December 8, 2021, the State responded to the petition, arguing that "Five (5) years ha[d] not passed since the completion of all terms and conditions of the sentence." On December 14, 2021, the circuit court denied Dung's petition for expungement. The circuit court determined, "If [Dung] is entitled to any relief from this court in this cause, the expungement would be of a felony conviction, not a misdemeanor as asserted by [Dung]." Further, the circuit judge agreed with the State and concluded that it had not been five years since Dung completed "all the terms and conditions of his sentence." Dung appeals the December 14, 2021 denial of his expungement.

## STANDARD OF REVIEW

¶10. "This Court applies a de novo standard of review when questions of law are to be considered on appeal." *Polk v. State*, 150 So. 3d 967, 968 (¶4) (Miss. 2014) (citing *Brown v. State*, 731 So. 2d 595, 598 (Miss. 1999)).

## DISCUSSION

¶11. Dung filed his brief pro se, asserting some errors that are not discernable. "A pro se litigant shall be held to the same standard as an attorney. This Court will not give deference to a person who chooses to represent himself." *Bailey v. Wheatley Est. Corp.*, 829 So. 2d

7

1278, 1281 (¶11) (Miss. Ct. App. 2002) (citation omitted).  Therefore, we will only address the discernable issues below.  *See id.*

## I.    Jurisdiction

¶12.    We first address Dung's assertions that the circuit court erred by not granting his expungement because (1) the circuit court had jurisdiction over his expungement and (2) he had standing as a petitioner "in custody."  This Court takes no issue with these assertions.  Pursuant to section 99-19-71(2)(a), a person, meeting all of the requirements, "may petition the court in which the conviction was had for an order to expunge."  Dung was convicted of possession of cocaine in the Grenada County Circuit Court and filed his petition in the same court.  Accordingly, the circuit court had jurisdiction to hear Dung's petition.  Dung had also met the statutory requirements for filing a petition because he had (1) been convicted of a crime and (2) "paid all criminal fines and costs."  Miss. Code Ann. § 99-19-71(2)(a).

## II.    Due Process

¶13.    Next, Dung claims that inconsistent with due process, the circuit court filed the judgment thirty days after the judge signed the order.  But Dung does not assert how he was prejudiced by the fact that the judgment was not entered on the docket until thirty days later.

¶14.    We have said that upon such an occurrence, "a judgment shall be effective only when entered as provided in [Mississippi Rules of Civil Procedure] Rule 79(a)."  *Arrington v. Arrington*, 269 So. 3d 1265, 1267-68 (¶14) (Miss. Ct. App. 2018) (quoting M.R.C.P. 58)).  Since Rule 79(a) requires that a clerk enter "all . . . judgments," we have concluded that "a judgment is not final until it is recorded in the clerk's docket."  *Id*.  Therefore, Dung was

allotted the same thirty days to appeal as if the order had been entered the day the order was signed. *See Bell v. Certain Underwriters at Lloyd's London*, 200 So. 3d 447, 451 (¶14) (Miss. Ct. App. 2016). This issue is without merit.

¶15. Dung's final two issues of error are (1) that the amendment to section 41-29-139(c)(1) reclassifying simple possession of less than one-tenth gram of cocaine as a misdemeanor allows him to have his conviction expunged as a misdemeanor, and (2) that he met the statutory requirements for expungement because he paid the crime lab fees and has waited five years since the completion of his sentences.

### III. Reclassifying the Same Offense

¶16. Dung's argument appears to be that because the Legislature reclassified his 1994 offense from a felony to a misdemeanor, we should analyze his expunction eligibility under section 99-19-71(1) (the misdemeanor conviction section), instead of section 99-19-71(2) (the felony conviction section). Miss. Code Ann. § 99-19-71(1)-(2). But Dung has failed to provide any legal authority for why this Court should apply misdemeanor privileges to his felony conviction retroactively, and this "precludes consideration of [the] issue on appeal." *Hardin v. Hardin*, 335 So. 3d 1088, 1094 (¶21) (Miss. Ct. App. 2022) (citing *Greer v. Greer*, 312 So. 3d 414, 415 (¶9) (Miss. Ct. App. 2021)); *see* M.R.A.P. 28(a)(7).

### IV. Felony Conviction Requirements

¶17. As a final argument, Dung asserts that even if his offense remains classified as a felony conviction, he was entitled to expungement because he completed the terms and conditions of his sentence. Dung claims that he completed his sentence twenty years ago and

9

has since paid the crime lab fee and court costs.

¶18. Expungement is an act of legislative grace. *Ferguson v. Miss. Dep't of Pub. Safety*, 278 So. 3d 1155, 1157 (¶7) (Miss. 2019). And no common law right to expungement of criminal records exists. *Johnson v. State*, 333 So. 3d 116, 119 (¶7) (Miss. Ct. App. 2022). "The Court has held that circuit courts do not have the inherent power to expunge criminal records, but they [may] do so if statutorily authorized." *Robertson v. State*, 158 So. 3d 280, 281 (¶3) (Miss. 2015). Thus, an appellate court employs a de novo standard of review. *Watson v. State*, 329 So. 3d 1215, 1217 (¶4) (Miss. Ct. App. 2021).

¶19. Mississippi Code Annotated section 99-15-26 (Rev. 2020) grants "a circuit or county court the power to expunge a felony conviction pursuant to a guilty plea under certain conditions." *Eubanks v. State*, 53 So. 3d 846, 848 (¶7) (Miss. Ct. App. 2011). "Section 99-19-71 allows a trial court to expunge certain misdemeanor and felony convictions." *Walker v. State*, 270 So. 3d 110, 112 (¶9) (Miss. Ct. App. 2018). Because Dung was convicted of a felony, section 99-19-71(2) governs. Again, section 99-19-71(2)(a) states, "[A] person who has been convicted of a felony and who has paid all criminal fines and costs of court imposed in the sentence of conviction may petition the court in which the conviction was had for an order to expunge one (1) conviction . . . five (5) years *after* the successful completion of all terms and conditions of the sentence for the conviction . . . ." Miss. Code Ann. § 99-19-71(2)(a) (emphasis added).

¶20. Despite Dung's contentions, he has not waited five years since the completion of all the terms and conditions of his sentence. It is well settled that fines, fees, and court costs are

conditions of a defendant's sentencing. *Summerall v. State*, 132 So. 3d 613, 615 (¶12) (Miss. Ct. App. 2013); *Baldwin v. State*, 891 So. 2d 274, 277 (¶11) (Miss. Ct. App. 2004). As a part of Dung's sentence, the circuit court ordered Dung to pay the crime lab fee for his possession conviction and half of the court costs. And upon release, Dung did not pay the fees and court costs. Dung did not pay his fees and court costs until March 2021. Therefore, Dung's sentence was not complete until March 2021, and Dung must now wait five years from March 2021 before meeting the qualifications for expungement.[3] We affirm the circuit court's order denying Dung's request for expungement.

¶21. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., GREENLEE, McDONALD, McCARTY AND SMITH, JJ., CONCUR. WILSON, P.J., LAWRENCE AND EMFINGER, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[3] The circuit judge noted that it was obvious Dung was seeking to have his conviction expunged based upon the belief that the expungement would be a basis for setting aside his habitual offender status. The circuit judge correctly found that even if the expungement were granted, under *Fleming v. State*, 97 So. 3d 1234, 1238 (¶12) (Miss. Ct. App. 2011), the expungement would not extinguish Dung's habitual offender status. *Id.* (holding that a defendant is not entitled to be resentenced as a non-habitual offender due to an expungement of one of his prior felony convictions).